George D. WOLFE, Plaintiff–
Appellant,

v.

NORFOLK SOUTHERN RAILWAY
CO., Defendant–Appellee.

No. 01–5239.

United States Court of Appeals,
Sixth Circuit.

April 29, 2003.

BEFORE: DAUGHTREY and COLE, Circuit Judges, and SARGUS,* District Judge.

PER CURIAM.

The *pro se* plaintiff, George Wolfe, is an African–American male who worked for Norfolk Southern Railway Company at various times from 1973 to 1995. He sued Norfolk Southern in 1996, alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Specifically, he claimed that the defendant violated Title VII in the following ways: (1) in denying Wolfe opportunities for advancement and training; (2) by failing to select Wolfe for Locomotive Engineer's Training (LET) prior to December 10, 1979; (3) in discriminating against Wolfe in pay and working conditions prior to September 10, 1986; (4) by failing to promote Wolfe to the position of locomotive engineer prior to December 10, 1979; (5) by engaging in other discrimination prior to September 10, 1986; (6) by requiring Wolfe to report for work between July 19, 1994, and August 7, 1994, while he was on medication; (7) by assessing discipline against Wolfe for his responsibility in a train derailment on October 30, 1992; (8) by suspending Wolfe for 90 days following positive tests for cocaine use on November 28, 1994; (9) by requiring Wolfe to submit to a physical examination in January 1995, following his November 1994 suspension; (10) by requiring Wolfe to present a physician's excuse or submit to a physical examination when he refused to report to work after a fifteen-day suspension imposed on November 27, 1993; (11) in suspending Wolfe for 30 days after

---

* The Hon. Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

a train derailment on January 19, 1994; (12) in suspending Wolfe for 60 days following his seventh violation of General Regulation–7 (GR–7) in April 1994; (13) in suspending Wolfe for 90 days following his eighth violation of GR–7 in August 1994; (14) by terminating Wolfe's employment after his ninth violation of GR–7 in April 1995; and (15) in retaliating against Wolfe for filing an EEOC charge in 1994 and 1995.

The district court granted partial summary judgment to Norfolk Southern based on the doctrine of res judicata, citing a previous action that Wolfe had filed in October 1982 in the Western District of Kentucky, *Erich von Shumake and George D. Wolfe v. Southern Railway Co.*, Civil Action No. C–82–0584 (*Wolfe I*). That suit alleged that the defendant discriminated against Wolfe by failing to offer him opportunities for advancement, by failing to select him to attend LET prior to 1979, by failing to promote him to the position of locomotive engineer prior to 1979, by failing to pay him in accordance with the applicable union agreement, and by harassing Wolfe on the job from June 1973 through October 1982. In September 1986, the district court had dismissed the plaintiff's 1982 complaint with prejudice, and the plaintiff did not appeal. Wolfe admits that he raises the same claims from *Wolfe I* in his current case.

Subsequently, the district court granted summary judgment to Norfolk Southern on Wolfe's remaining claims, finding that he had failed to exhaust administrative remedies on the sixth, seventh, eighth, and fourteenth claims because they could not reasonably be expected to grow out of the specific charges listed in Wolfe's EEOC complaint. In addition, the court granted summary judgment to Norfolk Southern based on Wolfe's failure to establish a prima facie case on claims nine, ten, eleven, twelve, thirteen, and fifteen. Finally,

the district court granted summary judgment to Norfolk Southern on Wolfe's claim that the racial discrimination alleged also constituted a breach of the parties' collective bargaining agreement.

Proceeding pro se before this court, Wolfe seeks to have the district court opinion reversed on his claims of discrimination. We find no reversible error, and we therefore affirm.

■ First, "[t]he doctrine of res judicata, or claim preclusion, provides that a final judgment on the merits of an action precludes the 'parties or their privies from relitigating issues that were or could have been raised' in a prior action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir.1995)(quotation omitted). The district court properly granted summary judgment on the plaintiff's claims one, two, three, four, and five, as they were identical to claims raised and dismissed with prejudice in 1986.

■ Second, it is well-established that federal courts do not have subject matter jurisdiction to hear Title VII claims unless the claimant has previously filed the claim in an EEOC charge or the claim can reasonably be expected to grow out of an EEOC charge. *See, e.g., Abeita v. TransAmerica Mailings, Inc.*, 159 F.3d 246, 254 (6th Cir.1998). The district court properly granted summary judgment on claims six, seven, eight, and fourteen because they were not presented in his EEOC charges and could not reasonably be expected to grow out of the incidents identified in the EEOC charges.

■ Next, the *McDonnell Douglas* burden-shifting framework applies to Wolfe's remaining Title VII claims because he has no direct evidence of discrimination. Under the methodology set out in that opinion, the plaintiff bears the burden of establishing a prima facie case of discrimination. *See McDonnell Doug-*

las Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); see also Talley v. Bravo Pitino Restaurant, Ltd., 61 F.3d 1241, 1246 (6th Cir.1995). To establish a prima facie case of discrimination, the plaintiff must show: (1) that he is a member of a protected class; (2) that he was qualified for the job; (3) that he suffered an adverse employment decision; and (4) that similarly situated non-protected employees were treated more favorably. Id. In the instant case, Wolfe did not provide any proof that similarly situated white employees were treated more leniently or more favorably with regard to claims nine, ten, eleven, twelve, or thirteen. Therefore, the district court grant of summary judgment to Norfolk Southern on these claims was proper.

■ In the retaliation context, a plaintiff must establish a prima facie case by showing that he engaged in a protected activity, that the defendant knew of this exercise of protected rights, that the defendant took employment action adverse to the plaintiff, and that a causal connection existed between the protected activity and the employment action. See Little v. BP Exploration & Oil Co., 265 F.3d 357, 363 (6th Cir.2001). To meet the causal connection requirement, a plaintiff must produce sufficient evidence from which an inference can reasonably be drawn that the employer only took the adverse action because the plaintiff engaged in a protected activity. See Allen v. Michigan Dep't of Corrections, 165 F.3d 405, 413 (6th Cir.1999). Wolfe did not provide any evidence of a causal connection between the EEOC charges and the suspensions he received for GR–7 violations. Therefore, the district court properly granted summary judgment on claim fifteen.

■ Finally, to the extent the plaintiff is attempting to assert a breach of contract claim, it is on issues of "minor dispute" that the Railway Labor Act dictates are wholly within the jurisdiction of the National Railroad Adjustment Board. See 45 U.S.C. § 151 et seq; Henegar v. Banta, 27 F.3d 223, 225 (6th Cir.1994). Minor disputes include claims involving the meaning or application of an existing collective bargaining agreement provision to a specific situation or case. See ABX Air, Inc. v. Airline Profs. Ass'n of the Intern. Broth. of Teamsters, Local Union No. 1224, AFL–CIO, 266 F.3d 392, 396 (6th Cir. 2001). The district court found that to be the case here and properly granted summary judgment to Norfolk Southern, concluding that it had no jurisdiction under the provisions of the Act.

For these reasons, and for the more detailed reasons set out in the district court's opinions, we find no reversible error, and we therefore AFFIRM the judgment entered by the district court.